UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WYLIE S. ROGERS, individually, and on behalf of all others similarly situated, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:19-cv-02596 |
| WELLS FARGO BANK, N.A., | JURY TRIAL DEMANDED |
| Defendant. | |

## CLASS ACTION COMPLAINT

**NOW COMES** Wylie S. Rogers ("Plaintiff") by and through his undersigned counsel, and on behalf of himself and the Putative Class Members, hereby complaining of Wells Fargo Bank, N.A. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress from the actions of Defendant in knowingly obtaining Plaintiff's credit report without a permissible purpose, in violation of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 et seq.

### PARTIES

2. Plaintiff Wylie S. Rogers is a natural person over 18 years of age who, at one point, owned real estate located at 6740 S. Oglesby Ave., Unit 2, Chicago, Illinois 60649 ("subject property"). At no point in time did Plaintiff reside at the subject property.

3. Defendant Wells Fargo is a national banking institution, mortgage lender, and mortgage servicer. Wells Fargo's principal place of business is located at 101 N. Phillips Avenue, Sioux Falls, SD 57104. Wells Fargo regularly conducts business in the State of Illinois and maintains a registered agent in the State of Illinois.

1

4. Wells Fargo regularly furnishes consumer credit information to the major reporting agencies, including Experian, Equifax, and TransUnion.

5. Defendant is a "furnisher of information" as defined by the FCRA, 15 U.S.C. § 1681s-2.

6. Defendant is a "financial institution" as defined by the FCRA, 15 U.S.C. § 1681a(t).

## JURISDICTION

7. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred within this District.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 as Defendant engages in substantial business activity in this District.

## FACTUAL BACKGROUND

10. On April 26, 2004, Plaintiff executed a mortgage and note in the amount of $106,800.00 ("subject loan" or "subject debt") in favor of Defendant, secured by the subject property.

11. On June 27, 2016, Plaintiff filed a joint Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 16-20862 ("bankruptcy").[1]

12. Schedule D of Plaintiff's bankruptcy petition listed the subject loan, a secured pre-petition debt owed to Wells Fargo, in the amount of $82,667.00.

---

[1] Plaintiff filed a joint Chapter 13 bankruptcy with his spouse, who is not a party to this action.

13. On June 30, 2016, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of Plaintiff's bankruptcy filing and corresponding Chapter 13 Plan.

14. On August 10, 2016, Defendant, through its counsel, presented its Motion for Relief from the Automatic Stay in Plaintiff's bankruptcy to proceed with foreclosure of the subject property. The Motion acknowledged Plaintiff's intent to surrender the subject property.

15. On November 1, 2016, Plaintiff filed a modified Chapter 13 Plan ("Modified Plan").

16. Plaintiff's Modified Plan proposed to treat Defendant's claim as follows:

> "Debtor is surrendering the real property located at 6740 S. Oglesby Ave., Unit 2, Chicago, IL 60649 to Wells Fargo, in full satisfaction of its secured claims."

17. On November 3, 2016, Plaintiff's Modified Plan was confirmed by the Honorable Timothy A. Barnes ("Confirmed Plan").

18. Plaintiff fully performed his duties and made all payments as set forth in his Confirmed Plan.

19. At no time did Plaintiff reaffirm the subject loan with Defendant or otherwise state an intent to remain liable on the subject loan.

20. On August 24, 2017, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject loan.

21. On August 26, 2017, the BNC served Defendant with the Order of Discharge.[2]

22. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, which prohibits any act to collect upon the subject loan.

---

[2] At no time did Defendant file any proceeding to declare the subject loan as "non-dischargeable" pursuant to 11 U.S.C. §523 *et seq*.

23. Plaintiff's personal liability on the subject loan was extinguished via his bankruptcy discharge, thus terminating the business relationship with Defendant, and any of its successors and assigns.

24. Since Plaintiff's bankruptcy discharge, Plaintiff has not opened any financial accounts with Defendant or otherwise engaged in any business relationship with Defendant.

**Defendant's Unlawful Acquisition of Plaintiff's Credit Report**

25. After Plaintiff's bankruptcy discharge, Plaintiff obtained his Experian credit report.

26. Plaintiff discovered that Defendant had obtained his credit report from Experian on September 6, 2017, after his bankruptcy discharge:

> WELLS FARGO BANK MTG  PO BOX 10335   DES MOINES
> IA 50306 (800) 288 3212
> Date of inquiry: Sep 06, 2017

27. Plaintiff did not authorize Experian to obtain his credit report.

28. In light of Plaintiff's bankruptcy discharge, Experian did not have a permissible purpose to access Plaintiff's Experian credit report.

29. Accordingly, upon information and belief, Defendant intentionally misrepresented to Experian that Plaintiff was (1) attempting to obtain credit from Defendant or (2) had a current business relationship with Defendant.

30. Defendant's misrepresentation and false certification that it had a permissible purpose to access Plaintiff's credit report resulted in Experian releasing highly confidential and sensitive personal information concerning Plaintiff to Defendant.

31. Plaintiff had no account or business transactions with Defendant at the time Defendant obtained his Experian credit report.

4

32. Any previous business relationship with Defendant was extinguished via Plaintiff's bankruptcy discharge.

33. Accordingly, Defendant accessed Plaintiff's Experian credit report without the consent or knowledge of Plaintiff and without a permissible purpose.

34. Upon information and belief, Defendant obtained Plaintiff's Experian credit report under the false pretext that Defendant was conducting an "Account Review."

35. However, Plaintiff had no open accounts to be "reviewed" by Defendant as any previous relationship with Defendant was terminated upon entry of Plaintiff's bankruptcy discharge.

**DAMAGES**

36. Defendant's conduct has caused Plaintiff damages in the form of invasion of privacy and fear that Plaintiff may be a victim of identity theft.

37. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, invasion of privacy, mental and emotional distress, time wasted monitoring for fraudulent account activity, and time expended meeting with his attorneys.

38. Due to Defendant's conduct, Plaintiff was forced to retain counsel and his damages include reasonable attorney's fees and costs incurred in prosecuting this claim.

<u>**COUNT I – VIOLATIONS OF THE FCRA CLAIMS**</u>
**(INDIVIDUAL CLAIMS)**

39. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

41. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

42. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

43. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

44. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated in the FCRA. *See* 15 U.S.C. §1681b(f).

45. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Experian credit report after Plaintiff's bankruptcy discharge, without Plaintiff's consent and without a permissible purpose enumerated in the FCRA.

46. As stated above, any business relationship between Plaintiff and Defendant terminated upon the entry of Plaintiff's bankruptcy discharge, thus extinguishing any permissible purpose Defendant once had to access Plaintiff's consumer report.

47. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's credit report without any permissible purpose under the FCRA.

48. In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's credit report without a permissible purpose under the FCRA.

49. As described above, Plaintiff was harmed by Defendant's conduct.

50. Upon information belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

51. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

52. Due to Defendant's conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff, WYLIE S. ROGERS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

c. Enjoin Defendant from accessing Plaintiff's credit report without a permissible purpose;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff recoverable costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## **CLASS ALLEGATIONS**

53. Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

54. Upon information and belief, Defendant systematically accessed the consumer credit reports of individuals whom have been granted a bankruptcy discharge of a mortgage debt once owed to or serviced by Defendant ("Putative Class Members").

55. Upon information and belief, Defendant systematically accessed the consumer credit reports of the Putative Class Members under the false premise that Defendant is conducting an "Account Review" of mortgage accounts that were once owed by the Putative Class Members to Defendant.

56. Defendant's systematic practice of accessing consumer credit reports without a permissible purpose constitutes willful and malicious violations of §1681b(f).

57. Defendant's conduct invaded the privacies of the Putative Class Members.

58. Defendant's conduct has deprived the Putative Class Members' right to control the personal and sensitive information contained in their credit reports.

59. An individual's right to control their personal and sensitive information is a cornerstone of the FCRA, designed to protect consumers from the very same conduct committed by Defendant.

A. **Numerosity.**

60. Putative Class Members are so numerous that the individual joinder of all of the members is impracticable.

61. While the exact number and identities of the Putative Class Members are unknown to Plaintiff at this time, it can only be ascertained through appropriate discovery.

62. Plaintiff is informed and believes that the Putative Class includes thousands of members who can be ascertained by the records maintained by Defendant.

63. A basic search of Defendant's records will reveal similarly situated Putative Class Members who were subjected to the identical fact pattern – impermissible access of credit reports by Defendant without the knowledge and authorization of the class members.

B. **Typicality.**

64. Plaintiff is an adequate representative of the Putative Class.

65. Plaintiff's claims are representative of the claims of other members of the Putative Class.

66. The FCRA violations suffered by Plaintiff are typical of those suffered by the Putative Class Members, and Defendant treated Plaintiff consistent with the treatment of the Putative Class Members.

67. As a person who had his consumer credit report accessed by Defendant without any permissible purpose, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Class.

**C.     Commonality and Predominance.**

68. Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

   a. Whether, within the five years prior to filing of this Complaint, Defendant accessed and obtained consumer credit reports after a mortgage debt that was owed to or serviced by Defendant was discharged in bankruptcy;

   b. Whether Defendant violated the FCRA by obtaining consumer credit reports through an impermissible purpose as set forth by the FCRA.

69. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

**D.     Superiority and Manageability.**

70. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

71. Class proceedings are superior to all other available methods given the burden and expense required for individual prosecution.

72. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

73. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

74. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

75. Management of this action as a class action will not present any likely difficulties.

**E.  Adequate Representation.**

76. Plaintiff has retained counsel competent and experienced in class action litigation, including, but not limited to FCRA specific ligation.

77. Plaintiff's counsel(s) are experienced consumer class action litigators who have litigated thousands of consumer-based claims.

### COUNT II – VIOLATIONS OF OF THE FCRA
### (CLASS CLAIMS)

78. Defendant violated §1681b(f) by accessing the Putative Class Members' credit reports without a purpose authorized by the FCRA.

79. The Putative Class is defined as follows:

All persons within the United States whom have had their consumer credit report(s) obtained by Defendant within the past five (5) years from any of the three major credit reporting agencies (Equifax, Experian, and/or Trans Union) after receiving a bankruptcy discharge that discharged a mortgage debt owed to and/or serviced by Defendant.

80. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

**WHEREFORE**, Plaintiff, WYLIE S. ROGERS, on behalf of the Putative Class Members, respectfully requests that this Honorable Court enter judgment in his favor and in favor of the Putative Class Members, and against Defendant, as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from accessing consumer credit reports without a permissible purpose;

c. Award Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff and the class members punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff recoverable costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: April 17, 2019

Respectfully Submitted,

*Counsel for Plaintiff and the Putative Class Members*

/s/ Mohammed O. Badwan

/s/ Marwan R. Daher

Mohammed O. Badwan, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com