**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WYLIE S. ROGERS, individually, and on behalf of all others similarly situated, | ) ) ) | Case No. 1:19-cv-02596 |
| Plaintiff, | ) ) | |
| v. | ) ) | Honorable Rubén Castillo, Chief Judge |
| WELLS FARGO BANK, N.A., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

The Court's reasoning in *Freedom v. Citifinancial, LLC* compels the dismissal of this action. In *Freedom*, the Court observed that a permissible purpose to review a consumer's mortgage account under the Fair Credit Reporting Act ("FCRA") exists at least until the time at which legal title to the property was transferred away from the consumer. 2016 WL 4060510, at *8 (N.D. Ill. Jul. 25, 2016) (Castillo, J.). In this case, plaintiff complains of an account review that occurred in September 2017. But at that time, plaintiff still held legal title to the property that was subject to Wells Fargo's mortgage. Thus, plaintiff cannot sustain a claim for either negligent or willful violation of FCRA.

Plaintiff's claim for willful violation of FCRA fails for an additional reason. The Supreme Court's ruling in *Safeco Insurance Co. v. Burr*, as applied by the Seventh Circuit in *Van Straaten v. Shell Oil Products Co.*, established the objective three-part test for determining whether plaintiff can sustain a claim for recklessness. Under that test there is no recklessness as a matter of law where neither (1) the plain language of the statute, nor (2) binding regulation, nor (3) binding court of appeals decisions prohibits the challenged act. *See* 551 U.S. 47, 67-70

(2007); 678 F.3d 486, 490-91 (7th Cir. 2012). Nothing in the statute, or the regulations, or appellate case law prohibits an account review when the consumer retains legal title to the property secured by the account. Thus, as a matter of law, Wells Fargo did not act "recklessly" in conducting the subject account review.

## FACTUAL BACKGROUND

Plaintiff obtained a mortgage loan from Wells Fargo in 2004 secured by property in Chicago. Compl. ¶¶ 2, 10. Plaintiff filed a chapter 13 bankruptcy petition in 2016. *Id.* ¶ 11. The petition listed the mortgage loan as a secured debt owed to Wells Fargo. *Id.* ¶ 12. On August 18, 2016, Wells Fargo obtained relief from the automatic bankruptcy stay "to permit [Wells Fargo] to pursue all non bankruptcy remedies and work out options as to the property." *See* Declaration of Gregory N. Blase (hereinafter, "Blase Decl."), Ex. 1. Wells Fargo filed a judicial foreclosure action on November 2, 2016, to begin the process of recovering legal title to the property.[1] *See* Blase Decl., Ex. 2.

The bankruptcy court's subsequent plan confirmation and discharge order did *not* transfer title to the property away from plaintiff, and it did *not* extinguish Wells Fargo's mortgage lien. *See* Blase Decl., Ex. 1; Compl ¶ 16.[2] Rather, the order granting relief from stay removed Wells Fargo's lien interest from the bankruptcy proceeding. *See* Blase Decl., Ex. 1. And the bankruptcy court's August 2017 discharge order confirms this, where it states that:

---

[1] *See Wells Fargo Bank, N.A. v. Wylie Rogers*, No. 2016-CH-14348 (Cook County Cir. Ct.).

[2] The Court may take judicial notice of the exhibits attached to the Blase Declaration because they are self-authenticating, publicly-available records referenced in the Complaint. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012); *accord Haddad v. Am. Home Mortg. Servicing, Inc.*, 2019 WL 1425835, at *2 (N.D. Ill. Mar. 29, 2019) (taking judicial notice of state-court foreclosure records when evaluating motion to dismiss); *Goode v. PennyMac Loan Servs., LLC*, 2014 WL 6461689, at *3 (N.D. Ill. Nov. 18, 2014) (considering publicly-available documents at motion to dismiss, including documents from the Recorder of Deeds and the state foreclosure action).

> a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.
>
> This order does not prevent debtors from paying any debt voluntarily.

*See* Blase Decl., Ex. 3.

On September 6, 2017, Wells Fargo allegedly conducted a review of plaintiff's mortgage account under 15 U.S.C. § 1681b(a)(3)(A). *See* Compl. ¶¶ 26, 34. As of the date of the subject account review, plaintiff retained possessory rights and legal title to the property, subject to Wells Fargo's mortgage lien, because (1) the Cook County Circuit Court did not enter final judgment confirming the foreclosure sale until more than a month later on October 13, 2017, and (2) the post-confirmation sheriff's deed, effecting the transfer of title, was not issued until November 7, 2017, and not recorded until December 2017. *See* Blase Decl., Exs. 2, 4.

## ARGUMENTS AND AUTHORITIES

### I. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim only "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But '[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability," it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* And the Court need not credit allegations that amount to nothing more than "legal conclusion[s]," "naked assertion[s]" without "factual enhancement[s]," "conclusory statement[s]," or implausible inferences. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557, 561 (2007); *Iqbal*, 556 U.S. at 678.

## II.    The Complaint fails to state a claim for negligent or willful violation of FCRA

FCRA creates a permissible purpose to access a consumer's credit file in connection with the "review … of an account of the consumer."  15 U.S.C. § 1681b(a)(3)(A).  The Complaint concedes the existence of plaintiff's mortgage loan account with Wells Fargo, Compl. ¶ 10, and on its face, the Complaint provides a legal basis for the alleged account review under Section 1681b(a)(3)(A).  As a result, plaintiff's claim hinges entirely on his assertion that the bankruptcy discharge of his personal liability on the loan prohibited the subject account review.  See Compl. ¶ 23.  But plaintiff continued to hold possessory rights and legal title to the property at the time of the subject account review, and thus his assertion is wrong as a matter of law.

Specifically, under the Illinois Mortgage Foreclosure Law, plaintiff's legal interest in the property was not terminated until the state court had entered its order confirming the foreclosure sale and the period for appealing that order had expired.  735 Ill. Comp. Stat. 5/15-1404; *see also EMC Mortg. Corp. v. Kemp*, 982 N.E.2d 152, 154 (Ill. 2012) (foreclosure judgment is not final until sale is confirmed).  Only after the expiration of the appeal period following the confirmation of the sale may the court issue a foreclosure deed, the issuance and recording of which transferred title to the property away from plaintiff.  735 Ill. Comp. Stat. 5/15-1409(a)-(b). Here, the state court did not confirm the foreclosure sale until October 13, 2017, and the post-confirmation sheriff's deed, effecting the transfer of title, was not issued until November 7, 2017, and was not recorded until December 2017.  *See* Blase Decl., Exs. 2, 4.  Thus, plaintiff lacks any basis, much less a plausible one, to assert that his mortgage loan account had been terminated in September 2017 when the subject account review occurred.  Accordingly, plaintiff cannot sustain his claim that Wells Fargo lacked a permissible purpose under FCRA Section 1681b(a)(3)(A) to conduct the subject account review.

This Court's reasoning in *Freedom* supports this conclusion. There, the plaintiff alleged that the confirmation plan in his chapter 13 bankruptcy proceeding had disposed of both his personal debt obligations *and* legal title to the subject property, which dispositions the Court noted had actually occurred before the subject account review. *Freedom*, 2016 WL 4060510, at *8. The Court reasoned that on those facts, the *Freedom* plaintiff had pleaded a plausible assertion that his mortgage account no longer existed at the time of the subject account review.

But here, plaintiff does not, and cannot, allege that the bankruptcy discharge proceeding transferred legal title to his property away from him. Neither the bankruptcy court's plan confirmation nor its discharge order purported to transfer legal title to the property, and the relief from the stay granted by the court to Wells Fargo confirmed as much. As the Court recognized, under such circumstances:

> [T]he consumer must either make new arrangements with the lender to keep the property, return it to the lender or wait for it to be foreclosed upon. Thus, until the borrower fulfills his debt, he has a credit relationship in the form of an obligation to the lender, even after discharge.

*Id.* (quoting *Germain v. Bank of Am., N.A.*, 2014 WL 5802018, at *5 (W.D. Wis. Nov. 7, 2014)). Accordingly, unlike in *Freedom*, plaintiff here still had legal title to the property, and thus a mortgage account with Wells Fargo, until well after the subject account review.

Because he lacks a basis to allege that legal title to the property had transferred before the subject account review, plaintiff's claim appears to turn on his representation to the bankruptcy court that he "intended" to surrender the property. This is nothing more than a red herring. At all times prior to expiration of the appeal period following the state court's confirmation of the foreclosure sale and the recording of the post-foreclosure sheriff's deed effecting transfer of title, plaintiff retained the right to possess the property, to voluntarily pay the loan balance, and to negotiate an alternative resolution with Wells Fargo. *See Freedom*, 2016 WL 4060510, at *8

(quoting *Germain*, 2014 WL 5802018, at *5). Plaintiff's "intentions" to surrender the property are irrelevant to determining the legal status of his mortgage loan account and thus Wells Fargo's right to conduct a review under Section 1681b. *See id.* Rather, as explained above, because plaintiff continued to have a mortgage account with Wells Fargo at the time of the subject account review, he cannot state a claim for negligent or willful violation of FCRA, and the Court should dismiss this action with prejudice.

**III.    The Complaint fails to state a claim for willful violation of FCRA under the *Safeco* and *Van Straaten* objective test**

In *Safeco*, the United States Supreme Court held that a willful violation under FCRA occurs only when a defendant acts in reckless disregard of a FCRA requirement. *See* 551 U.S. at 56-60, 68-70. But a company "does not act in reckless disregard" of FCRA unless its alleged action "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

*Safeco* ended once and for all the need to conduct a fact-based inquiry into a defendant's subjective intent when considering whether a challenged action was reckless. Rather, *Safeco* instructs this Court to ask whether "the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation." *Id.* at 69-70 & n.20; *see also Vanamann v. Nationstar Mortg., LLC*, 735 Fed. Appx. 260, 262 (9th Cir. 2018) (ruling as a matter of law that the review of a bankruptcy-discharged customer's account cannot state a claim for willful violation of FCRA). Where there is a "dearth of guidance" and "less-than-pellucid statutory text," the defendant that follows one available reading of the statute does not act in "reckless disregard" of its requirements. *Safeco*, 551 U.S. at 69-70. As the Supreme Court opined, "it would defy history and current thinking to treat a defendant who merely adopts one such

interpretation as a knowing or reckless violator." *Id.* at 70 n.20. Thus, even though the Supreme Court found a technical violation of FCRA in *Safeco*, it declined to find a willful violation because (1) the statute did not expressly bar the defendant's conduct, (2) "no court of appeals had spoken on the issue," and (3) "no authoritative [i.e., binding] guidance [had] come from" a regulatory body. *See id.*

In *Van Straaten*, the Seventh Circuit applied *Safeco*'s focused inquiry and held that willfulness under FCRA is "a question of law" such that "only a reading [of FCRA] that is 'objectively unreasonable' can be deemed a 'willful' violation." 678 F.3d at 489-91. Thus, "the statutory standard concerns *objective* reasonableness, not anyone's state of mind." *Id.* at 490-91 (emphasis in original).

Because the Court is to determine willfulness as a matter of law, the Court can dispose of that aspect of plaintiff's claim under Rule 12(b)(6). *See Tucker v. City of Chicago*, 2016 WL 6568073, at *2 (N.D. Ill. Nov. 4, 2016); *accord* Twombly, 550 U.S. at 558 (holding dismissal under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief."). This is because plaintiff does not and cannot plausibly allege that the account review of a chapter 13 discharged debtor is expressly forbidden by the language of the statute, or binding regulation, or appellate case law.

First, under the express language of FCRA, a business has broad authority to access consumer reports "in connection with a … review … of an account of[] the consumer." 15 U.S.C. § 1681b(a)(3)(A). The statute does not supply a definition of the word "account," and thus its exact meaning "is far from pellucid" in that it does not clearly "distinguish between closed and open accounts." *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009); *see also Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32, 34-35 (3d Cir. 2011)

(affirming dismissal of claim for violation of Section 1681b); *Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475-76 (5th Cir. 2000) (concluding defendant had permissible purpose to obtain consumer report for customer whose telephone service account was closed and settled). Consequently, under *Safeco* plaintiff does not, and cannot, point to clear statutory language that would have "warned [Wells Fargo] away" from reviewing the account of its chapter 13 discharged customer. 551 U.S. at 70.

Second, there are no binding regulations under FCRA that purport to prohibit a creditor from reviewing the account of a chapter 13 discharged customer. *See id.* (noting that FTC lacked rulemaking authority under FCRA); *Van Straaten*, 678 F.3d at 488. The Complaint comes up empty here as well.

Third, plaintiff does not point to any published court of appeals decision that forbids the review of the account of a chapter 13 discharged debtor. That is because there is no such case. Rather, numerous courts of appeals have *declined* to read a bright line rule into the definition of the word "account" in Section 1681b. *See Levine*, 554 F.3d at 1318-19; *Huertas*, 641 F.3d at 32, 34-35; *Wilting*, 227 F.3d at 475-76. And in *Vanamann*, the Ninth Circuit ruled that "[t]he plain text of the Act does not prohibit a mortgage servicer from obtaining a consumer's credit report after a bankruptcy court's discharge of the consumer's mortgage debt," and no binding appeals court has "interpreted the Act to prohibit that practice." 735 Fed. Appx. at 262. Thus, the Ninth Circuit ruled as a matter of law that such conduct is *not* a willful violation of Section 1681b. *Id.*

8

## **CONCLUSION**

For the reasons set forth above, Wells Fargo respectfully requests that the Court dismiss the complaint, with prejudice, and without leave to amend.

Respectfully submitted,

*/s/ Gregory N. Blase*
Andrew C. Glass
Gregory N. Blase
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel: (617) 261-3100
Fax: (617) 261-3175
andrew.glass@klgates.com
gregory.blase@klgates.com

Joseph C. Wylie II
Nicole C. Mueller
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Tel. (312) 372-1121
Fax: (312) 345-9976
joseph.wylie@klgates.com
nicole.mueller@klgates.com

**Counsel for Wells Fargo Bank, N.A.**

Dated: June 12, 2019

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 12, 2019, I filed the foregoing document through the

CM/ECF system which will send notification of such filing to the following counsel of record:

> Mohammed O. Badwan, Esq.
> Marwan R. Daher, Esq.
> Sulaiman Law Group, Ltd.
> 2500 S. Highland Ave., Suite 200
> Lombard, Illinois 60148
> mbadwan@sulaimanlaw.com
> mdaher@sulaimanlaw.com

*/s/ Gregory N. Blase*
Gregory N. Blase
