**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WYLIE S. ROGERS, individually, and on behalf of all others similarly situated, | ) ) ) | Case No. 1:19-cv-02596 |
| Plaintiff, | ) ) | |
| v. | ) ) | Honorable Rubén Castillo, Chief Judge |
| WELLS FARGO BANK, N.A., | ) ) | |
| Defendant. | ) | |

**DEFENDANT WELLS FARGO BANK, N.A.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Wells Fargo Bank, N.A. hereby answers the Complaint of plaintiff Wylie S. Rogers. Wells Fargo denies the allegations and characterizations in the Complaint unless expressly admitted in the following answer.

1.      Plaintiff brings this action seeking redress from the actions of Defendant in knowingly obtaining Plaintiff's credit report without a permissible purpose, in violation of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 et seq.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 1 of the Complaint.

2.      Plaintiff Wylie S. Rogers is a natural person over 18 years of age who, at one point, owned real estate located at 6740 S. Oglesby Ave., Unit 2, Chicago, Illinois 60649 ("subject property"). At no point in time did Plaintiff reside at the subject property.

**ANSWER:** Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of the Complaint.

3.      Defendant Wells Fargo is a national banking institution, mortgage lender, and mortgage servicer. Wells Fargo's principal place of business is located at 101 N. Phillips Avenue, Sioux Falls, SD 57104. Wells Fargo regularly conducts business in the State of Illinois and maintains a registered agent in the State of Illinois.

**ANSWER:** Wells Fargo admits that it is a national banking association with its main office in Sioux Falls, South Dakota. Wells Fargo otherwise lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 3 of the Complaint.

4.     Wells Fargo regularly furnishes consumer credit information to the major reporting agencies, including Experian, Equifax, and TransUnion.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the Complaint.

5.     Defendant is a "furnisher of information" as defined by the FCRA, 15 U.S.C. § 1681s-2.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 of the Complaint.

6.     Defendant is a "financial institution" as defined by the FCRA, 15 U.S.C. § 1681a(t).

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6 of the Complaint.

7.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7 of the Complaint.

8.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred within this District.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 8 of the Complaint.

9.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 as Defendant engages in substantial business activity in this District.

**ANSWER:** Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9 of the Complaint.

10.     On April 26, 2004, Plaintiff executed a mortgage and note in the amount of $106,800.00 ("subject loan" or "subject debt") in favor of Defendant, secured by the subject property.

**ANSWER:**     Wells Fargo admits that plaintiff executed a mortgage and note in the original principal amount of $106,800 on April 26, 2004, secured by the property located at 6740 South Oglesby Avenue, Unit #2, Chicago, Illinois 60649.   Wells Fargo otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11.     On June 27, 2016, Plaintiff filed a joint Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 16-20862 ("bankruptcy").

**ANSWER:**     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Schedule D of Plaintiff's bankruptcy petition listed the subject loan, a secured pre-petition debt owed to Wells Fargo, in the amount of $82,667.00.

**ANSWER:**     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 12 of the Complaint.

13.     On June 30, 2016, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of Plaintiff's bankruptcy filing and corresponding Chapter 13 Plan.

**ANSWER:**     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     On August 10, 2016, Defendant, through its counsel, presented its Motion for Relief from the Automatic Stay in Plaintiff's bankruptcy to proceed with foreclosure of the subject property. The Motion acknowledged Plaintiff's intent to surrender the subject property.

**ANSWER:**     Wells Fargo admits that it filed a motion for relief from stay in plaintiff's bankruptcy proceeding.   Wells Fargo otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 14 of the Complaint.

15.     On November 1, 2016, Plaintiff filed a modified Chapter 13 Plan ("Modified Plan").

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Plaintiff's Modified Plan proposed to treat Defendant's claim as follows:

"Debtor is surrendering the real property located at 6740 S. Oglesby Ave., Unit 2, Chicago, IL 60649 to Wells Fargo, in full satisfaction of its secured claims."

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     On November 3, 2016, Plaintiff's Modified Plan was confirmed by the Honorable Timothy A. Barnes ("Confirmed Plan").

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Plaintiff fully performed his duties and made all payments as set forth in his Confirmed Plan.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     At no time did Plaintiff reaffirm the subject loan with Defendant or otherwise state an intent to remain liable on the subject loan.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     On August 24, 2017, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject loan.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     On August 26, 2017, the BNC served Defendant with the Order of Discharge.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief

4

about the truth of the allegations set forth in paragraph 21 of the Complaint.

22.    Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, which prohibits any act to collect upon the subject loan.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 22 of the Complaint.

23.    Plaintiff's personal liability on the subject loan was extinguished via his bankruptcy discharge, thus terminating the business relationship with Defendant, and any of its successors and assigns.

**ANSWER:**  Wells Fargo denies the allegations set forth in paragraph 23 of the Complaint.

24.    Since Plaintiff's bankruptcy discharge, Plaintiff has not opened any financial accounts with Defendant or otherwise engaged in any business relationship with Defendant.

**ANSWER:**  Wells Fargo denies the allegations set forth in paragraph 24 of the Complaint.

25.    After Plaintiff's bankruptcy discharge, Plaintiff obtained his Experian credit report.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 25 of the Complaint.

26.    Plaintiff discovered that Defendant had obtained his credit report from Experian on September 6, 2017, after his bankruptcy discharge:

WELLS FARGO BANK MTG PO BOX 10335   DES MOINES
IA 50306 (800) 288 3212
Date of inquiry: Sep 06, 2017

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 26 of the Complaint.

27.    Plaintiff did not authorize Experian to obtain his credit report.

**ANSWER:**  Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 27 of the Complaint.

5

28.     In light of Plaintiff's bankruptcy discharge, Experian did not have a permissible purpose to access Plaintiff's Experian credit report.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 28 of the Complaint.

29.     Accordingly, upon information and belief, Defendant intentionally misrepresented to Experian that Plaintiff was (1) attempting to obtain credit from Defendant or (2) had a current business relationship with Defendant.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 29 of the Complaint.

30.     Defendant's misrepresentation and false certification that it had a permissible purpose to access Plaintiff's credit report resulted in Experian releasing highly confidential and sensitive personal information concerning Plaintiff to Defendant.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 30 of the Complaint.

31.     Plaintiff had no account or business transactions with Defendant at the time Defendant obtained his Experian credit report.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 31 of the Complaint.

32.     Any previous business relationship with Defendant was extinguished via Plaintiff's bankruptcy discharge.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 32 of the Complaint.

33.     Accordingly, Defendant accessed Plaintiff's Experian credit report without the consent or knowledge of Plaintiff and without a permissible purpose.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 33 of the Complaint.

34.     Upon information and belief, Defendant obtained Plaintiff's Experian credit report under the false pretext that Defendant was conducting an "Account Review."

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 34 of the Complaint.

35.     However, Plaintiff had no open accounts to be "reviewed" by Defendant as any previous relationship with Defendant was terminated upon entry of Plaintiff's bankruptcy discharge.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 35 of the Complaint.

36.     Defendant's conduct has caused Plaintiff damages in the form of invasion of privacy and fear that Plaintiff may be a victim of identity theft.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 36 of the Complaint.

37.     As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, invasion of privacy, mental and emotional distress, time wasted monitoring for fraudulent account activity, and time expended meeting with his attorneys.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 37 of the Complaint.

38.     Due to Defendant's conduct, Plaintiff was forced to retain counsel and his damages include reasonable attorney's fees and costs incurred in prosecuting this claim.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 38 of the Complaint.

## COUNT I

39.     Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

**ANSWER:** Wells Fargo incorporates its responses to the preceding paragraphs of the complaint as though they were fully set forth herein.

40.     Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

**ANSWER:** Wells Fargo lacks knowledge or information sufficient to form a belief

about the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

**ANSWER:**   Wells Fargo lacks knowledge or information sufficient to form a belief

about the truth of the allegations set forth in paragraph 41 of the Complaint.

42.     Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

**ANSWER:**   Wells Fargo lacks knowledge or information sufficient to form a belief

about the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

**ANSWER:**   Wells Fargo lacks knowledge or information sufficient to form a belief

about the truth of the allegations set forth in paragraph 43 of the Complaint.

44.     The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated in the FCRA. *See* 15 U.S.C. §1681b(f).

**ANSWER:**   Wells Fargo lacks knowledge or information sufficient to form a belief

about the truth of the allegations set forth in paragraph 44 of the Complaint.

45.     Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Experian credit report after Plaintiff's bankruptcy discharge, without Plaintiff's consent and without a permissible purpose enumerated in the FCRA.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 45 of the

Complaint.

46.     As stated above, any business relationship between Plaintiff and Defendant terminated upon the entry of Plaintiff's bankruptcy discharge, thus extinguishing any permissible purpose Defendant once had to access Plaintiff's consumer report.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 46 of the

Complaint.

47.     Defendant willfully and maliciously violated §1681b(f) when it accessed

Plaintiff's credit report without any permissible purpose under the FCRA.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 47 of the Complaint.

48.   In the alternative, Defendant negligently violated §1681b(f) by accessing Plaintiff's credit report without a permissible purpose under the FCRA.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 48 of the Complaint.

49.   As described above, Plaintiff was harmed by Defendant's conduct.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 49 of the Complaint.

50.   Upon information belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose prescribed by the FCRA.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 50 of the Complaint.

51.   Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 51 of the Complaint.

52.   Due to Defendant's conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 52 of the Complaint.

**WHEREFORE**, Plaintiff, WYLIE S. ROGERS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   Award Plaintiff actual damages, in an amount to be determined at trial, for each of

the underlying FCRA violations;

c.     Enjoin Defendant from accessing Plaintiff's credit report without a permissible purpose;

d.     Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.     Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.     Award Plaintiff recoverable costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.     Award any other relief as this Honorable Court deems just and appropriate.

**ANSWER:**   Wells Fargo denies that plaintiff is entitled to the relief sought in the "WHEREFORE" clause, and its subparts, following paragraph 52 of the Complaint.

53.     Plaintiff restates and realleges the above paragraphs as though fully set forth herein.

**ANSWER:**   Wells Fargo incorporates its responses to the preceding paragraphs of the complaint as though they were fully set forth herein.

54.     Upon information and belief, Defendant systematically accessed the consumer credit reports of individuals whom have been granted a bankruptcy discharge of a mortgage debt once owed to or serviced by Defendant ("Putative Class Members").

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 54 of the Complaint.

55.     Upon information and belief, Defendant systematically accessed the consumer credit reports of the Putative Class Members under the false premise that Defendant is conducting an "Account Review" of mortgage accounts that were once owed by the Putative Class Members to Defendant.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 55 of the Complaint.

56.     Defendant's systematic practice of accessing consumer credit reports without a permissible purpose constitutes willful and malicious violations of §1681b(f).

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 56 of the

Complaint.

57.     Defendant's conduct invaded the privacies of the Putative Class Members.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 57 of the Complaint.

58.     Defendant's conduct has deprived the Putative Class Members' right to control the personal and sensitive information contained in their credit reports.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 58 of the Complaint.

59.     An individual's right to control their personal and sensitive information is a cornerstone of the FCRA, designed to protect consumers from the very same conduct committed by Defendant.

**ANSWER:**     Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 59 of the Complaint.

60.     Putative Class Members are so numerous that the individual joinder of all of the members is impracticable.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 60 of the Complaint.

61.     While the exact number and identities of the Putative Class Members are unknown to Plaintiff at this time, it can only be ascertained through appropriate discovery.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 61 of the Complaint.

62.     Plaintiff is informed and believes that the Putative Class includes thousands of members who can be ascertained by the records maintained by Defendant.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 62 of the Complaint.

63.     A basic search of Defendant's records will reveal similarly situated Putative Class Members who were subjected to the identical fact pattern – impermissible access of credit reports by Defendant without the knowledge and authorization of the class members.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 63 of the Complaint.

64.     Plaintiff is an adequate representative of the Putative Class.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 64 of the Complaint.

65.     Plaintiff's claims are representative of the claims of other members of the Putative Class.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 65 of the Complaint.

66.     The FCRA violations suffered by Plaintiff are typical of those suffered by the Putative Class Members, and Defendant treated Plaintiff consistent with the treatment of the Putative Class Members.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 66 of the Complaint.

67.     As a person who had his consumer credit report accessed by Defendant without any permissible purpose, Plaintiff's interests are aligned with, and are not antagonistic to the interests of the members of the Putative Class.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 67 of the Complaint.

68.     Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

a.      Whether, within the five years prior to filing of this Complaint, Defendant accessed and obtained consumer credit reports after a mortgage debt that was owed to or serviced by Defendant was discharged in bankruptcy;

b.      Whether Defendant violated the FCRA by obtaining consumer credit reports through an impermissible purpose as set forth by the FCRA.

**ANSWER:** Wells Fargo denies the allegations set forth in paragraph 68 of the Complaint, and its subparts.

69.     These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 69 of the Complaint.

70.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 70 of the Complaint.

71.     Class proceedings are superior to all other available methods given the burden and expense required for individual prosecution.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 71 of the Complaint.

72.     By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 72 of the Complaint.

73.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 73 of the Complaint.

74.     In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 74 of the Complaint.

75.     Management of this action as a class action will not present any likely difficulties.

**ANSWER:**     Wells Fargo denies the allegations set forth in paragraph 75 of the Complaint.

76.     Plaintiff has retained counsel competent and experienced in class action litigation, including, but not limited to FCRA specific ligation.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 76 of the Complaint.

77.     Plaintiff's counsel(s) are experienced consumer class action litigators who have litigated thousands of consumer-based claims.

**ANSWER:**   Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 77 of the Complaint.

## COUNT II

78.     Defendant violated §1681b(f) by accessing the Putative Class Members' credit reports without a purpose authorized by the FCRA.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 78 of the Complaint.

79.     The Putative Class is defined as follows:

All persons within the United States whom have had their consumer credit report(s) obtained by Defendant within the past five (5) years from any of the three major credit reporting agencies (Equifax, Experian, and/or Trans Union) after receiving a bankruptcy discharge that discharged a mortgage debt owed to and/or serviced by Defendant.

**ANSWER:**   Wells Fargo denies the allegations set forth in paragraph 79 of the Complaint.

80.     Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

**ANSWER:**   Wells Fargo lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 80 of the Complaint.

**WHEREFORE**, Plaintiff, WYLIE S. ROGERS, on behalf of the Putative Class Members, respectfully requests that this Honorable Court enter judgment in his favor and in favor of the Putative Class Members, and against Defendant, as follows:

a.   Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.   Enjoin Defendant from accessing consumer credit reports without a permissible purpose;

c.   Award Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d.   Award Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e.   Award Plaintiff and the class members punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.   Award Plaintiff recoverable costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.   Award any other relief as this Honorable Court deems just and appropriate.

**ANSWER:**   Wells Fargo denies that plaintiff is entitled to the relief sought in the "WHEREFORE" clause, and its subparts, following paragraph 80 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The complaint fails to state a claim upon which relief can be granted against Wells Fargo, for all of the reasons set forth in Wells Fargo's motion to dismiss and others.

### Second Defense

Plaintiff lacks standing to assert any claims against Wells Fargo because, among other reasons, he has not suffered any harm as a result of Wells Fargo's alleged actions.

### Third Defense

Wells Fargo is not liable for any claims by Plaintiff because Wells Fargo maintained reasonable procedures to assure compliance with the requirements of the FCRA.

**Fourth Defense**

Wells Fargo is not liable for any claims by Plaintiff because Wells Fargo's conduct at all times complied, and were in good faith conformity, with all applicable contracts, laws, and regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Wells Fargo respectfully requests that the Court (a) enter a judgment in its favor and against plaintiff with respect to the complaint; (b) dismiss the complaint with prejudice and without leave to amend; (c) award Wells Fargo its costs and expenses, including attorneys' fees incurred in this action; and (d) grant such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gregory N. Blase*

Andrew C. Glass
Gregory N. Blase
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel: (617) 261-3100
Fax: (617) 261-3175
andrew.glass@klgates.com
gregory.blase@klgates.com

Joseph C. Wylie II
Nicole C. Mueller
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Tel. (312) 372-1121
Fax: (312) 345-9976
joseph.wylie@klgates.com
nicole.mueller@klgates.com

**Counsel for Wells Fargo Bank, N.A.**

Dated: June 12, 2019

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2019, I filed the foregoing document through the

CM/ECF system which will send notification of such filing to the following counsel of record:

Mohammed O. Badwan, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com

*/s/ Gregory N. Blase*
Gregory N. Blase