# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WYLIE S. ROGERS, individually, and on behalf of all others similarly situated, | Case No. 1:19-cv-02596 |
| Plaintiff, | Honorable Rubén Castillo |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff's concession that he held legal title and possessory rights in his property until months after the challenged account review occurred is fatal to his claims. Notwithstanding his misdirected arguments, plaintiff cannot state a claim for an impermissible account review under the Fair Credit Reporting Act ("FCRA") where he retained legal and possessory rights to the mortgaged property at the time of the review. And plaintiff offers no opposition, and thus concedes, that the objective test set forth in *Safeco* and *Van Straaten* precludes any claim for willful violation of FCRA.

## ARGUMENT

**I.  Plaintiff's claim cannot overcome the fact that the challenged account review occurred before the foreclosure of plaintiff's property was concluded**

Plaintiff's argument is grounded in the misrepresentation that courts "have consistently held that an entity does not have a permissible purpose to access a consumer's credit report after a bankruptcy discharge." Opp'n at 12. But that is not the holding of the cases either to which plaintiff or Wells Fargo cites. Indeed, courts *reject* FCRA claims where the consumer still owned the mortgaged property at the time of the account review:

- *Radney v. Bayview Loan Servicing, LLC*, 2016 WL 3551677, at *4 (N.D. Ill. Jun. 30, 2016)—on 12(b)(6) motion, ruling that mortgage servicer has permissible purpose to review customer's credit score post-bankruptcy discharge where foreclosure proceedings were ongoing and customer still held legal title to mortgaged property.

- *Germain v. Bank of Am., N.A.*, 2014 WL 5802018, at *5 (W.D. Wis. Nov. 7, 2014)—"discharge of a debt alone does not extinguish defendant's right to obtain plaintiffs' consumer reports."

- *Demay v. Wells Fargo Home Mortgage, Inc.*, 279 F. Supp. 3d 1005, 1010 (N.D. Cal. 2017)—dismissing putative class action alleging impermissible account review where bankruptcy-discharged customer held legal and possessory rights to mortgaged property at time of review.

- *Accord Freedom v. Citifinancial, LLC*, 2016 WL 4060510, at *8 (N.D. Ill. Jul. 25, 2016) (Castillo, J.)—observing that a permissible purpose to review a mortgage account under FCRA would exist at least until the time at which legal title to property is transferred from the consumer.

The cases relied on by plaintiff are inapposite. FCRA recognizes a permissible purpose to access a consumer's credit report for at least two enumerated purposes, including for the "review" of or "collection" on an account. 15 U.S.C. § 1681b(a)(3)(A). In *Godby v. Wells Fargo Bank, N.A.*, the court did not consider the question plaintiff presents here, namely whether an account "*review*" under Section 1681b(a)(3)(A) is permissible. Rather, the court only considered whether "*collection*" on an account is permitted under Section 1681b(a)(3)(A) after a bankruptcy discharge. 599 F. Supp. 2d 934, 938 (S.D. Ohio 2008). Because the *Godby* court considered a different term under the statute and never considered the question that plaintiff

presents here, the decision has no bearing on this case.

Likewise, in *Gagnon v. JPMorgan Chase Bank, N.A.*, 2017 WL 25180 (N.D. Ill. Jan. 3, 2017), the court reviewed the challenged actions under Section 1681b(a)(3)(*F*) and not Section 1681b(a)(3)(*A*) which is the basis of plaintiff's claim. Thus, *Gagnon* has no application to this case. And in *Souvigny v. Wells Fargo Home Mortgage, Inc.*, 2016 U.S. Dist. LEXIS 99875 (N.D. Ill. Apr. 15, 2016), the Court declined to consider the foreclosure docket at the motion to dismiss stage. But here plaintiff concedes that the foreclosure and resulting transfer of title did not occur until *after* the account review. *Souvigny* is no help to plaintiff either.

And plaintiff now concedes, as he must, that the facts underlying the Court's decision in *Freedom* are different from plaintiff's allegations in this case. Opp'n. at 6. In *Freedom*, unlike here, title to the plaintiff's property transferred by operation of the plan confirmation under 11 U.S.C. § 1322(b)(9) *before* the account review occurred. *See Freedom*, 2016 WL 4060510, at *1 (observing that legal title to the property would vest in Citi upon confirmation of Freedom's bankruptcy plan). But in this case, the bankruptcy proceeding did *not* dispose of plaintiff's legal interest in the mortgage property, and plaintiff retained legal and possessory rights until well *after* the time of the account review. Plaintiff offers no rebuttal to this key difference.

Because plaintiff held legal title to the mortgaged property at the time of the subject account review, he cannot state a claim for negligent or willful violation of FCRA.

## II. Plaintiff concedes that the objective test under the *Safeco* and *Van Straaten* precludes a claim for willful violation of FCRA

Nowhere does plaintiff contest the applicability of the objective test established by *Safeco* and *Van Straaten*. This concession is fatal to his claim for willful violation of FCRA.

Under the objective test, plaintiff must establish that the challenged account review violated either (1) the plain language of the statute, (2) a binding regulation, or (3) a binding

court of appeals decisions. *See Safeco Insurance Co. v. Burr*, 551 U.S. 47, 67-70 (2007); *Van Straaten v. Shell Oil Products Co.*, 678 F.3d 486, 490-91 (7th Cir. 2012). As to each element, the opposition falls flat.

Plaintiff offers nothing but his own say-so as to the supposed clarity of the statutory language. But he concedes that the term "account" is undefined and, thus, subject to reasonable differences in interpretation. And plaintiff has no response to the fact that numerous courts of appeals have correctly held that the statute's use of the term "account" is *not* clear. *E.g. Vanamann v. Nationstar Mortg., LLC*, 735 Fed. Appx. 260, 262 (9th Cir. 2018); *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32, 34-35 (3d Cir. 2011); *Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475-76 (5th Cir. 2000). Nothing in the plain language of the statute forbids the subject account review in this case.

Next, plaintiff does not point to any binding regulations that would have warned Wells Fargo away from taking the challenged action. Indeed, there are none.

Nor does plaintiff point to any court of appeals decision finding that the review of a bankruptcy-discharged debtor who retains legal title to mortgage property constitutes a willful violation of FCRA. Again, there are none. Rather, the only court of appeals to address the question has held that the review of a discharged debtor's consumer report is *not* a willful violation of FCRA. *Vanamann*, 735 Fed. Appx. at 262. Plaintiff's reliance on the district court's decision in *Godby* is pointless. Not only is reference to a district court decision insufficient to satisfy *Safeco* and *Van Straaten*, but *Godby* itself applied the *Safeco* objective test and *declined* to find a willful violation. *Godby*, 599 F. Supp. 2d 934, 944. Plaintiff failed to advise the Court of that fact.

4

Unable to fashion a claim for willfulness under the applicable standard, plaintiff makes a last ditch effort to save his claim by regurgitating the allegations in the Complaint that he asserts support a claim for willfulness. Opp'n at 10-11 (citing Complaint ¶¶ 29-34, 47, 50-51). Each of those allegations is directed to the parties' state of mind, however, and none of them are designed to meet the objective test set forth in *Safeco* and *Van Straaten*. As Judge Easterbrook instructed in *Van Straaten*, "the statutory standard concerns *objective* reasonableness, not anyone's state of mind." *Van Straaten*, 678 F.3d at 490-91 (emphasis in original); *accord Safeco*, 551 U.S. at 69. Plaintiff, it appears, has yet to receive the Seventh Circuit's message.

Because plaintiff's allegations are in no way sufficient to carry his burden at this stage in the proceedings, the Court should dismiss plaintiff's claim for willful violation of FCRA.

**III.    Plaintiff has waived the opportunity to amend the Complaint, and thus, the Court should dismiss the suit with prejudice**

At the scheduling conference in this matter, the Court offered plaintiff the opportunity to file an amended complaint, and plaintiff turned down that offer:

> THE COURT: I take it the plaintiffs don't believe there's a need to amend the complaint.
>
> MR. BADWAN: No, Your Honor.
>
> THE COURT: Okay.

Tr. of Proceedings, Jun. 19, 2019, at 4:8-11 (Dckt. No. 26). In the Seventh Circuit, counsel's statement constitutes a waiver of plaintiff's right to amend the complaint. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 897 F.3d 835, 840 (7th Cir. 2018) ("Waiver is an 'intentional relinquishment or abandonment of a known right.'"). Thus, the Court should dismiss the Complaint with prejudice and without leave to amend. This result is called for because, even if offered another opportunity to amend, plaintiff would not be able to state a cognizable claim either for willful or negligent violation of FCRA. *See* Fed. R. Civ. P. 15(a)(2); *Gandhi v. Sitara*

5

*Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.").

## Conclusion

For the reasons set forth above, and for those set forth in Wells Fargo Bank, N.A.'s motion to dismiss the complaint, the Court should (1) dismiss the complaint with prejudice, and (2) enter such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gregory N. Blase*
Andrew C. Glass
Gregory N. Blase
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Tel: (617) 261-3100
Fax: (617) 261-3175
andrew.glass@klgates.com
gregory.blase@klgates.com

Joseph C. Wylie II
Nicole C. Mueller
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Tel. (312) 372-1121
Fax: (312) 345-9976
joseph.wylie@klgates.com
nicole.mueller@klgates.com

**Counsel for Wells Fargo Bank, N.A.**

Dated: July 24, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I filed the foregoing document through the CM/ECF system which will send notification of such filing to the following counsel of record:

Mohammed O. Badwan, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
mbadwan@sulaimanlaw.com
mdaher@sulaimanlaw.com

*/s/ Gregory N. Blase*
Gregory N. Blase